IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jermaine Wilson, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | *(jury demand)* |
| | ) | |
| City of Evanston, Illinois, | ) | |
| | ) | |
| *Defendant.* | ) | |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Jermaine Wilson is a resident of the Northern District of Illinois. Plaintiff bring this case individually and for a class of similarly situated persons, as set out below with greater specificity.

3. Defendant City of Evanston, Illinois is a municipal corporation; plaintiff seek to impose liability on the City for a policy described below.

4. Defendant City of Evanston, Illinois requires that its police officers remove and inventory all property in the possession of an arrested person who is to be held in custody.

5. Pursuant to Illinois law, the City of Evanston, Illinois requires its police officers to store securely all of the above described property.

6. At all times relevant, Illinois law has required the City of Evanston, Illinois to return to the arrestee all of the above described property when the arrestee is released, discharged, or transferred to the custody of the Sheriff of Cook County.

7. Starting at some time before October 23, 2012, and continuing to the present time, the City of Evanston, Illinois and the Sheriff of Cook County have conspired, confederated, and agreed to violate the above referred provisions of Illinois law which has had the effect of depriving arrestees of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States as well as Illinois law.

8. In furtherance of this agreement, the Sheriff of Cook County and the City of Evanston, Illinois have undertaken the following acts:

9. At some time before October 23, 2012, the Sheriff of Cook County and the City of Evanston, Illinois agreed that, with the exception of several specific items, the City of Evanston, Illinois would retain the property of persons transferred to the custody of the Sheriff of Cook County.

10. In January of 2012, in furtherance of this agreement, the Evanston, Illinois police department promulgated an official policy reflected in its "Prisoner Property Receipt."

11. The January 2012 "Prisoner Property Receipt" implements an explicit policy of the City of Evanston, Illinois and provides, *inter alia*, that, for arrestees transferred to the custody of the Sheriff of Cook County, the City of Evanston, Illinois would retain possession of all of the arrestee's property that would not be accepted by the Sheriff of Cook County.

12. From at least October 23, 2012 to the present, the explicit policy of the City of Evanston, Illinois has been to sell or destroy the personal property of any arrestee that remained in the custody of the City 30 days after the arrestee had been transferred to the custody of the Sheriff of Cook County. This policy, which violates Illinois law, has deprived plaintiffs and others similarly situated of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

13. At all times relevant, the City of Evanston, Illinois failed to provide adequate notice to arrestees that it would destroy any personal

property remaining in the custody of the City 30 days after the arrestee had been transferred to the custody of the Sheriff of Cook County.

14. The written notice provided to such arrestees by the City at the time of arrest states in pertinent part:

> Certain property in your possession, will not be accepted by the Cook County Department of Corrections when you are transported to court for your bond hearing. These items are marked above with a checkmark. In order to protect your property, we have inventoried them with our Property Bureau. You or your designee will have 30 days from the date of your arrest to retrieve these items. If you do not retrieve these items within the 30 days they will be disposed of as provided by statute. THIS IS THE ONLY NOTICE YOU WILL RECEIVE ABOUT YOUR PROPERTY.
>
> These items may be retrieved during the normal operating hours of the Property Bureau as posted on the Evanston Police Department web site We strongly suggest that you call first to schedule an appointment (847.866.5029).

15. At all times relevant, the Municipal Code of the City of Evanston, Section 9-7-3 provided in pertinent part that if property was not claimed "within sixty (60) days from the date of the final disposition of the court proceedings in connection with which such property was seized or otherwise taken possession of … the custodian of lost and stolen property may sell such property at a public auction."

16. At all times relevant:

    a. 765 ILCS 1030/1 has authorized the Evanston, Illinois police department to dispose of property in its possession "under

-4-

circumstances supporting a reasonable belief that such property was abandoned, lost or stolen or otherwise illegally possessed."

b. 765 ILCS 1030/2(a) requires the police department "to make reasonable inquiry and efforts to identify and notify the owner or other person entitled to possession thereof."

c. 765 ILCS 1030/3 permits the police department to dispose of the property "[i]f the identity or location of the owner or other person entitled to possession of the property has not been ascertained within 6 months after the police department … obtains such possession."

17. At all times relevant, it has been obvious to the City of Evanston, Illinois that it was destroying or selling the personal property of arrestees who were in the custody of the Sheriff of Cook County who had not received notice required by Illinois law and by the Fourteenth Amendment to the Constitution of the United States.

18. At all times relevant to this action, the retention by defendant City of Evanston, Illinois of arrestee's "personal property" creates a constructive bailment under by Illinois law, which imposed the following obligations on the City of Evanston, Illinois:

    a. To agree to return "personal property" deemed available for return to owner;

    b. To require that the above referred personal property accepted by the City be carefully inventoried and preserved;

    c. To return the above referred personal property to the arrestee upon his (or her) release from custody, and

    d. To make reasonable inquiry and efforts to identify and notify the owner or the person entitled to possession of such personal property.

19.    Plaintiff Jermaine Wilson was arrested by members of the Evanston, Illinois police department on or about July 10, 2013 and transferred to the custody of the Sheriff of Cook County.

20.    At the time of his arrest, Wilson was in lawful possession of a wallet, a cell phone, a belt, and a backpack. This property was inventoried and retained by the City of Evanston, Illinois pursuant to the above described policy.

21.    Plaintiff remained in the Cook County Jail until October of 2014 and was unable to return to the City of Evanston to retrieve his personal property.

22.    The City of Evanston did not provide plaintiff with any notice, other than the property inventory slip referred to above, that it his property to have been abandoned.

23.    Pursuant to the above described policy, the City of Evanston, destroyed or sole plaintiff's wallet, cell phone, belt, and backpack.

24. As a result of the foregoing, plaintiff has been permanently deprived of the use and enjoyment of his above referred personal property

25. Plaintiff brings this action individually and for all persons arrested by the Evanston, Illinois police department from October 23, 2012 to the present who have been permanently deprived of the use and enjoyment of personal property because of the municipal policies described herein.

26. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff request that judgment be entered in his favor and in favor of the proposed class, and that the Court grant appropriate relief to plaintiff and to the plaintiff class, including an award of fees and costs.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
Joel A. Flaxman
200 S Michigan Ave Ste 201
Evanston, Illinois, IL 60604-2107
(312) 427-3200

Patrick W. Morrissey
Thomas G. Morrissey
10249 S. Western Ave.
Evanston, Illinois, IL 60643
(773) 233-7900
*attorneys for plaintiff*