IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JERMAINE WILSON and DAMEON SANDERS, individually and for a class,** ) ) ) **Plaintiffs,** ) ) v. ) ) **CITY OF EVANSTON, ILLINOIS,** ) ) **Defendant.** ) | Case No. 14 C 8347<br><br>Judge John Z. Lee |

# ORDER

Plaintiffs, Jermaine Wilson and Dameon Sanders, brought this lawsuit against the City of Evanston ("the City") pursuant to 42 U.S.C. § 1983, claiming that the Evanston Police Department's policy concerning the disposal of the property of arrestees violates their substantive and procedural due process rights. In January 2016, the Court dismissed Plaintiffs' Fifth Amendment takings claim on the basis that they had failed to exhaust available state-law remedies under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193–94. *See* Order of 1/28/16 at 3–6, ECF No. 40. Plaintiffs seek reconsideration of that ruling based on *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019). There, the Supreme Court held that "[a] property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it," overruling *Williamson*. *Id.* at 2167.

"A district court may reconsider a prior decision when there has been a significant change in the law[.]" *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Here, the City acknowledges that the law has changed and that Plaintiffs may therefore pursue their Fifth Amendment takings claim without first exhausting state-law remedies. Therefore, Plaintiffs'

motion is granted, and the Court vacates the portion of its ruling on the City's motion to dismiss that pertains to Plaintiffs' Fifth Amendment claim.

The City also raises concerns about the need for additional discovery in this case, stating that the parties "have not fully explored discovery on this issue" and that "issues related to the pleadings, discovery, and any further issues as to [the Fifth Amendment claim] [will] need to be addressed." City's Resp. at 2, ECF No. 129. Plaintiffs, for their part, dispute the need for additional discovery. The Court simply notes that at this time, the City has not identified any additional discovery that it believes to be necessary, nor has it demonstrated a need for any such discovery.

Accordingly, Plaintiffs' motion to reconsider [124] is granted.

Date: 3/9/20                                                    s/ John Z. Lee